## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATHER R. OBERDORF and | : | |
| MICHAEL A. OBERDORF, *her husband,* | : | |
| **Plaintiffs** | : | |
| | : | COMPLAINT-CIVIL ACTION |
| v. | : | |
| | : | |
| AMAZON.COM, INC., *a Washington* | : | |
| *Corporation,* | : | JURY TRIAL DEMANDED |
| **Defendants** | : | |

## <u>COMPLAINT</u>

Plaintiffs Heather R. Oberdorf and Michael A. Oberdorf ("Plaintiffs"), by

and through their attorney David F. Wilk, Esq., do herein submit the following

Complaint against Amazon.com Inc. ("Defendants") and allege as follows:

## I.  INTRODUCTION

1.   This is an action for Strict Product Liability, Negligence, Breach of Express and Implied Warrantees, Misrepresentation, and Loss of Consortium.

2.  Plaintiffs are bringing this action because of injuries and damages sustained in connection with an accident on or about January 12, 2015, when the D-Ring on a Dogaholics dog collar, purchased through Amazon.com and sold by The Furry Gang, failed while Plaintiff was walking her dog in Northumberland County, Pennsylvania.

3.  The dog collar was purchased on December 2, 2014 from the The Furry Gang and/or Dogaholics through their marketplace on Amazon.com, and bore the description of *"Dogaholics Personalized Croc Crocodile PU Leather Pet Dog Cat Collar with Rhinestone Buckle (up to 6 free letters) & charm (1 free charm) X, Sold by: The Furry Gang"*.

4.  Defendant Amazon promoted, distributed, sold or otherwise placed into the stream of commerce the dog collar purchased by Plaintiff.

5.  As a result of the failure of the dog collar, Plaintiff Heather R. Oberdorf suffered severe and permanent injuries.

6.  Defendant Amazon.com, Inc. is directly and vicariously liable for Plaintiffs' injuries and damages.

## II.   PARTIES

7.  Plaintiff, Heather R. Oberdorf, is an adult individual who resides at 2909 Mexico Road, Borough of Milton, and Commonwealth of Pennsylvania. At all times relevant hereto he was over the age of eighteen (18), was the lawful spouse of Plaintiff Michael A. Oberdorf with whom she resided, and was otherwise *sui juris*.

8.      Defendant Amazon.com, LLC (hereinafter "Defendant Amazon") is a corporation with more than fifty (50) employees and is organized under the laws of the state of Washington with a principal place of business located at 410 Terry Ave. North, Seattle, WA, 98109-5210.

9.      Upon information and belief, Defendant Amazon is involved in electronic commerce and cloud computing, and derives a large portion of its sales through third party vendors such as The Furry Gang and Dogaholics.

10.     After reasonable investigation, Plaintiffs were unable to identify or locate a place of operations, contact information, or any agents for either *The Furry Gang* or *Dogaholics*. The true names and capacities of the entities named herein as *The Furry Gang* and *Dogaholics* are unknown to Plaintiff.  Plaintiff therefore directs this Complaint solely at Defendant Amazon.com, Inc. at present and at least until such time as the identities of

*The Furry Gang* and *Dogaholics*, including their true names and capacities, become known.

11.    Defendant Amazon may be served with process by registered mail, return receipt requested, at their corporate address: 410 Terry Ave. North, Seattle, WA, 98109-5210.

## III.  JURISDICTION AND VENUE

12.    This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 as the plaintiffs are citizens of the Commonwealth of Pennsylvania, Defendant Amazon is a business entity incorporated in the State of Washington, and because this complaint seeks damages in excess of $75,000, exclusive of interest and attorneys' fees.

13.    Venue is proper in the Middle District of Pennsylvania because the underlying incident and injuries which are the cause of this action occurred in Northumberland County, Pennsylvania.

## IV.  GENERAL  ALLEGATIONS

14.    Plaintiff Heather R. Oberdorf purchased the subject dog collar on December 2, 2014 through The Furry Gang marketplace on Amazon.com, and bore the description of "*Dogaholics Personalized Croc Crocodile PU Leather Pet Dog Cat Collar with Rhinestone Buckle (up to 6 free letters) & charm (l free charm) X, Sold by: The Furry Gang*".

15.    On or about January 12, 2015, Plaintiff Heather R. Oberdorf was walking her dog in Northumberland County, Pennsylvania.

16.    On said date, Plaintiffs' dog was wearing the subject dog collar and was restrained by way of a retractable leash attached to the metal D-Ring on the collar and controlled by Plaintiff Heather R. Oberdorf.

17.    On said date, when the Plaintiff Heather R. Oberdorf's dog reached the end of the leash, the subject collar D-ring failed by bending/spreading open, separating from the collar then flying back (opposite the dog's forward motion) with the leash clasp and/or failed D-ring striking and breaking Plaintiff Heather R. Oberdorf's prescription eyeglasses, causing severe and permanent injury to her face and left eye.

18.    The collar's D-ring failure caused permanent damage to Plaintiff Heather R. Oberdorf's left eye causing her severe and permanent injuries including, inter alia, the following:

  a.  Total Permanent Loss of Vision in Left Eye;

  b.  Left Globe Rupture;

  c.  Foreign Body in Left Eye;

  d.  Phthisis Bulbi of Left Eye (wasting away or atrophy of the eye);

  e.  Chemosis (swelling of the conjunctiva of the eye);

  f.  Periorbital and Facial Contusions; and

g.  Other injuries which will be proven through discovery and at trial.

19.     As a result of the subject accident, Plaintiffs have suffered emotional injury, physical injury/disfigurement, and financial loss including, inter alia, the loss of past and future earnings benefits.

## V.  CLAIMS FOR RELIEF

### COUNT I
### STRICT PRODUCTS LIABILITY - FAILURE TO WARN

**Plaintiff Heather R. Oberdorf**
**v.**
**Defendant Amazon.com, Inc.**

20.     Plaintiff hereby incorporates by reference paragraphs 1 through 74 of this Complaint as if fully set forth herein.

21.     Defendant promoted, distributed, and/or sold the subject dog collar, expecting that it would reach consumers in the condition in which it was manufactured and sold, and knowing, or with reason to know, that it would be used without inspection for defects of any danger to plaintiff.

22.     The subject dog collar did in fact reach plaintiff without substantial change in the condition in which defendant first sold it.

23.     At the time of the incident in which she was injured, Plaintiff Heather R. Oberdorf was using the subject dog collar as it was intended to be used.

24.     Defendant is liable to Plaintiff Heather R. Oberdorf because it failed to provide adequate warnings regarding the use of the subject dog collar, causing it to be unreasonably dangerous to the intended user at the time it left the defendant's possession.

25.     The subject collar was provided with a dangerous condition making it unreasonably dangerous, defective and unsafe for its intended use.

26.     Defendant Amazon, as a merchant of the subject dog collar, is held to the level of knowledge of an expert in the field, and knew or should have known that the subject collar was dangerous, defective, and unsafe for its intended use.

27.     Despite its knowledge of the dangers associated with the use of the subject dog collar, defendant promoted, distributed, and/or sold the product without adequate information and data.

28.     Defendant knew or should have known that consumers, including plaintiff, would foreseeably suffer injury as a result of its failures.

29.     Defendant failed to provide any warnings of a possible defect or dangerous condition.

30.     As a direct and proximate result of the defendant's actions and inactions as described above, plaintiff suffered the following injuries:

     a.  Total Permanent Loss of Vision in Left Eye;

b.  Left Globe Rupture;

c.  Foreign Body in Left Eye;

d.  Phthisis Bulbi of Left Eye (wasting away or atrophy of the eye);

e.  Chemosis (swelling of the conjunctiva of the eye);

f.  Periorbital and Facial Contusions; and

g.  Other injuries which will be proven through discovery and at trial.

31.   As a result of the Defendant's actions and inactions, Plaintiffs have suffered emotional injury, physical injury/disfigurement, and financial loss including, inter alia, the loss of past and future earnings benefits.

**COUNT II**
**STRICT PRODUCTS LIABILITY – DESIGN DEFECT**

**Plaintiff Heather R. Oberdorf**
**v.**
**Defendant Amazon.com, Inc.**

32.   Plaintiff hereby incorporates by reference paragraphs 1 through 74 of this Complaint as if fully set forth herein.

33.   If a design defect is found based on the character of the product, the retailer or distributor can be held liable.

34.   Retailers can be held responsible for the products they sell.

35.   The subject dog collar was defectively designed, causing it to be unreasonably dangerous at the time it left the possession of the defendant.

36.    Failure of the D-Ring component of the dog collar while under tension caused the restraint to snap back toward the user with considerable force and struck the Plaintiff in her eye-glasses, causing the lens to shatter and permanently injure her left eye.

37.    The collar was defective in design and unsafe in the following respects:

      a. The D-Ring was constructed in too small of diameter which caused the metal ring to bend easily at tension weights far below the intended use (for large dogs); and,

      b. The D-Ring was not welded shut, instead using an open design, causing the metal ring to bend easily at tension weights far below the intended use (for large dogs).

38.    The potential for and seriousness of injury caused by the Dogaholics/The Furry Gang/Amazon dog collar significantly outweighs the burden or cost of taking additional safety precautions such as larger diameter and welded D-ring ends with their dog collar product.

39.    Had a proper hazard analysis been conducted, the deficiencies of the D-ring would have been apparent.

40.    At least one alternative design for the subject dog collar was available to defendant at all relevant times.

41.     The alternative design was practical and feasible, and would have reduced or eliminated the foreseeable risk of harm to Plaintiff Heather R. Oberdorf.

42.     As a direct and proximate result of the unreasonably dangerous and defective condition of the D-Ring on the subject dog collar as described above, plaintiff suffered severe and permanent injuries.

43.     Because of the unreasonably dangerous and defective condition of the subject dog collar, Defendant Amazon breached common law product liability duties and is liable to plaintiff pursuant to § 402A of the Restatement (Second) of Torts.

44.     As a direct and proximate result of the defendant's actions and inactions as described above, plaintiff suffered the following injuries:

     a.  Total Permanent Loss of Vision in Left Eye;

     b.  Left Globe Rupture;

     c.  Foreign Body in Left Eye;

     d.  Phthisis Bulbi of Left Eye (wasting away or atrophy of the eye);

     e.  Chemosis (swelling of the conjunctiva of the eye);

     f.  Periorbital and Facial Contusions; and

     g.  Other injuries which will be proven through discovery and at trial.

45.     As further result of Defendant Amazon.com, Inc.'s actions and inactions as set forth above, Plaintiff Heather R. Oberdorf has suffered the following damages:

    a.  Physical injuries as described above;

    b.  Past, present, and future pain and suffering;

    c.  Emotional injuries including but not limited to depression, anxiety, and stress;

    d.  Loss of enjoyment of life and life's pleasures;

    e.  The loss of past and future wages and employment benefits;

    f.  Travel expenses including mileage to and from medical treatments;

    g.  Various out of pocket expenses; and,

    h.  Medical expenses totaling more than $90,000 to date and which continue to accrue as treatments for her injuries continue.

**WHEREFORE,** Plaintiff Heather R. Oberdorf demands judgment in her favor and against Defendant Amazon.com, Inc. in excess of the jurisdictional limits of this Honorable Court, as well as post-judgmental interest and the costs of bringing this action.

## COUNT III
## NEGLIGENCE

### Plaintiff Heather R. Oberdorf
### v.
### Defendant Amazon.com, Inc.

46.     Plaintiff hereby incorporates by reference paragraphs 1 through 74 of this Complaint as if fully set forth herein.

47.     Defendant is liable due to its negligent distributing, inspecting, marketing, selling, and testing of the subject dog collar.

48.     At all times mentioned herein, defendant was under a duty to exercise reasonable care in distributing, inspecting, marketing, and selling the subject dog collar.

49.     Defendant knew or should have known that consumers, including plaintiff, would suffer injury as a result of its failure to exercise ordinary care, as described above.

50.     As a direct and proximate result of the defendant's negligence, plaintiff suffered the following injuries:

      a.   Total Permanent Loss of Vision in Left Eye;

      b.   Left Globe Rupture;

      c.   Foreign Body in Left Eye;

      d.   Phthisis Bulbi of Left Eye (wasting away or atrophy of the eye);

e.  Chemosis (swelling of the conjunctiva of the eye);

f.  Periorbital and Facial Contusions; and

g.  Other injuries which will be proven through discovery and at trial.

51.   As further result of Defendant Amazon.com, Inc.'s negligence,

Plaintiff Heather R. Oberdorf has suffered the following damages:

a.  Physical injuries as described above;

b.  Past, present, and future pain and suffering;

c.  Emotional injuries including but not limited to depression, anxiety, and stress;

d.  Loss of enjoyment of life and life's pleasures;

e.  The loss of past and future wages and employment benefits;

f.  Travel expenses including mileage to and from medical treatments;

g.  Various out of pocket expenses; and,

h.  Medical expenses totaling more than $90,000 to date and which continue to accrue as treatments for her injuries continue.

**WHEREFORE,** Plaintiff Heather R. Oberdorf demands judgment in her favor and against Defendant Amazon.com, Inc. in excess of the jurisdictional limits of this Honorable Court, as well as post-judgmental interest and the costs of bringing this action.

## COUNT III
## NEGLIGENT UNDERTAKING

### Plaintiff Heather R. Oberdorf
### v.
### Defendant Amazon.com, Inc.

52.     Plaintiff hereby incorporates by reference paragraphs 1 through 74 of this Complaint as if fully set forth herein.

53.     At all relevant times, defendant owed a duty to exercise a reasonable degree of care to consumers, including plaintiff, including the duties set forth above.

54.     Defendants breached the above duties owing to plaintiff. The negligence of defendant included, inter alia, the following acts and omissions:

    a.  Providing a product with a dangerous condition making it unreasonably dangerous, defective and unsafe for its intended use, and allowing it to enter the stream of commerce;

    b.  Failing to conduct a proper hazard, analysis and address the hazard of the D-ring failure for the product;

    c.  Failure to follow the guidelines of the safety hierarchy which was a factual cause of Plaintiff's injuries; and

    d.  Violating applicable standards of care and failing to provide the

       product with features/elements/precautions/warnings that would

       have made it safer.

55.    Defendant is liable to plaintiff pursuant to §§ 323 and 324A of the Restatement (Second) of Torts.

56.    As further result of Defendant Amazon.com, Inc.'s actions and inactions as set forth above, Plaintiff Heather R. Oberdorf has suffered the following damages:

    a.  Physical injuries as described above;

    b.  Past, present, and future pain and suffering;

    c.  Emotional injuries including but not limited to depression, anxiety, and stress;

    d.  Loss of enjoyment of life and life's pleasures;

    e.  The loss of past and future wages and employment benefits;

    f.  Travel expenses including mileage to and from medical treatments;

    g.  Various out of pocket expenses; and,

    h.  Medical expenses totaling more than $90,000 to date and which continue to accrue as treatments for her injuries continue.

**WHEREFORE,** Plaintiff Heather R. Oberdorf demands judgment in her favor and against Defendant Amazon.com, Inc. in excess of the

jurisdictional limits of this Honorable Court, as well as post-judgmental interest and the costs of bringing this action.

## COUNT IV

## BREACH OF EXPRESS AND IMPLIED WARRANTIES

### Plaintiff Heather R. Oberdorf
### v.
### Defendant Amazon.com, Inc.

57.    Plaintiff hereby incorporates by reference paragraphs 1 through 74 of this Complaint as if fully set forth herein.

58.    Defendant, in connection with its business activities described above, made both express and implied warranties with regard to the subject dog collar, warranting that the product was safe, fit for its intended use and for plaintiff's particular purpose, of merchantable quality, and that the collar was not defective.

59.    Defendant was aware that plaintiff was relying on it to provide a product for consumer purposes, thereby impliedly warranting that the goods it marketed, sold, or otherwise brought into the stream of commerce, including the subject dog collar, would in fact be in fact safe and suitable for plaintiff's purpose.

60.     In reliance upon the defendants' skill and judgment and the implied warranties of fitness for that purpose, plaintiff used the dog collar in its intended manner.

61.     The warranties described above were false, misleading, and inaccurate in that the collar was unsafe, unfit for its intended use and for plaintiff's particular purpose, not of merchantable quality, and defective.

62.     As a direct and proximate result of defendant's breaches of express warranty and breach of implied warranties of merchantability and fitness for a particular purpose, plaintiff suffered severe injuries and damages while using the subject dog collar for its warranted use and intended purpose.

63.     As further result of Defendant Amazon.com, Inc.'s actions and inactions as set forth above, Plaintiff Heather R. Oberdorf has suffered the following damages:

    a.   Physical injuries as described above;

    b.   Past, present, and future pain and suffering;

    c.   Emotional injuries including but not limited to depression, anxiety, and stress;

    d.   Loss of enjoyment of life and life's pleasures;

    e.   The loss of past and future wages and employment benefits;

    f.   Travel expenses including mileage to and from medical treatments;

g.  Various out of pocket expenses; and,

h.  Medical expenses totaling more than $90,000 to date and which

continue to accrue as treatments for her injuries continue.

**WHEREFORE,** Plaintiff Heather R. Oberdorf demands judgment in

her favor and against Defendant Amazon.com, Inc. in excess of the

jurisdictional limits of this Honorable Court, as well as post-judgmental

interest and the costs of bringing this action.

## COUNT V
## MISREPRESENTATION

## Plaintiff Heather R. Oberdorf
## v.
## Defendant Amazon.com, Inc.

64.    Plaintiff hereby incorporates by reference paragraphs 1 through 74 of

this Complaint as if fully set forth herein.

65.    Defendant marketed and labeled its product in a manner that publicly

misrepresented its quality and fitness. The misrepresentations included, but

were not limited to, statements that the product was safe, the product was

safe for its intended use, and the product was free from defects.

66.    Defendant knew that its labels, advertisements, and other promotional

materials made to the consuming public including plaintiff were false and

misleading in material ways.

67.    The misrepresentations were made in connection with the design, manufacture, and sale of the product.

68.    Defendant intended that the consuming public including plaintiff would rely upon its false and misleading misrepresentations, and knew that the consumers and plaintiff were unaware that its representations about its product were false.

69.    Plaintiff justifiably and reason ably relied on these misrepresentations when using the products.

70.    The misrepresentations set forth above violated § 402B of the Restatement (Second) of Torts, which has been adopted by Pennsylvania courts, and entitles plaintiff to recover the damages which are pled herein.

71.    As a direct and proximate result of plaintiff's justifiable and reasonable reliance on defendant's misrepresentations, plaintiff used the defective dog collar and suffered serious injuries.

72.    As further result of Defendant Amazon.com, Inc.'s misrepresentations as set forth above, Plaintiff Heather R. Oberdorf has suffered the following damages:

     a.  Physical injuries as described above;

     b.  Past, present, and future pain and suffering;

    c.  Emotional injuries including but not limited to depression, anxiety, and stress;

    d.  Loss of enjoyment of life and life's pleasures;

    e.  The loss of past and future wages and employment benefits;

    f.  Travel expenses including mileage to and from medical treatments;

    g.  Various out of pocket expenses; and,

    h.  Medical expenses totaling more than $90,000 to date and which continue to accrue as treatments for her injuries continue.

**WHEREFORE,** Plaintiff Heather R. Oberdorf demands judgment in her favor and against Defendant Amazon.com, Inc. in excess of the jurisdictional limits of this Honorable Court, as well as post-judgmental interest and the costs of bringing this action.

### COUNT VI
### LOSS OF CONSORTIUM

### Plaintiff Michael A. Oberdorf
### v.
### Defendant Amazon.com, Inc.

73.    Plaintiff hereby incorporates by reference paragraphs 1 through 74 of this Complaint as if fully set forth herein.

74.    At all times material to this action, Plaintiff Michael A. Oberdorf was the lawful husband of Plaintiff Heather R. Oberdorf.

75.     As a direct and/or proximate result of his wife's injuries, as caused by Defendants' actions and inactions and set forth more fully above, Plaintiff Michael A. Oberdorf has been caused to suffer great mental and emotional anguish and loss of life's enjoyment which will continue into the future.

76.     As a direct and/or proximate result of his wife's injuries, as caused by Defendants' actions and inactions and set forth more fully above, Plaintiff Michael A. Oberdorf has been caused to suffer loss of consortium, marital services and/or companionship of his spouse to his detriment and loss.

**WHEREFORE,** Plaintiff Michael A. Oberdorf demands judgment in his favor and against Defendant Amazon.com, Inc. in excess of the jurisdictional limits of this Honorable Court, as well as post-judgmental interest and the costs of bringing this action.

## VI.   PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs seek the following relief:

A. Compensatory damages including compensation for pain and suffering and physical injury, to the fullest extent permitted by law;

B. Recovery of all past and future lost wages, fringe benefits, loss of earning capacity, and out-of-pocket expenditures;

**C.** Punitive damages, monetary penalties and prejudgment interest to the fullest extent permitted under the law;

**D.** Litigation costs, expenses and attorney's fees to the fullest extent permitted under the law; and

**E.** Such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR A JURY TRIAL</u>

Plaintiffs demand a jury trial as to all claims so triable.

Respectfully Submitted,
**LEPLEY, ENGELMAN & YAW, LLC**


<u>/s/ David F. Wilk, Esq.</u>
David F. Wilk, Esq.
ID#65992
140 East Third Street
Williamsport, PA 17701
570-323-3768 (telephone)
Attorney for Plaintiffs