**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HEATHER R. OBERDORF and MICHAEL A. OBERDORF, her husband, | : : | |
| Plaintiffs | : | COMPLAINT – CIVIL ACTION |
| | : | |
| v. | : | NO. 4-16-CV-01127-M |
| | : | |
| AMAZON.COM, INC., a Washington Corporation, | : : | |
| Defendant | : | JURY TRIAL DEMANDED |

**BRIEF OF DEFENDANT, AMAZON.COM, IN SUPPORT OF ITS MOTION TO AMEND TO FILE AN AMENDED ANSWER WITH AFFIRMATIVE DEFENSES**

Defendant, Amazon.Com, by its attorneys, Marshall Dennehey Warner Coleman & Goggin, respectfully submits this Brief in support of its Motion for Leave to Amend its Answer with Affirmative Defenses.

**I.     RELEVANT PROCEDURAL HISTORY AND STATEMENT OF FACTS**

Plaintiffs commenced this action by filing a Complaint on or about June 13, 2016. Defendant filed its Answer with Affirmative Defenses on or about August 16, 2016. Thereafter, the Court conducted a Case Management Conference in this action on September 19, 2016, and issued a Case Management Order (Doc. 14), which established certain pre-trial deadlines, including a final date for amendment of pleadings by Defendant of April 1, 2017.

In their Complaint, Plaintiffs allege personal injuries as a result of the alleged defect and failure of a pet collar used by Plaintiff, Heather Oberdorf, and which Plaintiffs allege failed on or about January 12, 2015. In their Complaint, Plaintiffs have asserted claims against Defendant, Amazon.com, under theories of strict liability, negligence, breach of warranty and

misrepresentation. Plaintiff, Michael Oberdorf, has asserted a claim for loss of consortium. In its original Answer with Affirmative Defenses to Plaintiffs' Complaint, Defendant, Amazon.com, has denied the material allegations of Plaintiffs' Complaint.

Defendant, Amazaon.com, now seeks to assert as an Affirmative Defense, immunity from the tort and other claims pleaded by Plaintiffs pursuant to the Communications Decency Act, 47 U.S.C. §230, et. seq. No prejudice will result to Plaintiffs from the Amended Answer with Affirmative Defenses in view of the deadlines established by the Court.

## II. QUESTION PRESENTED

A. **WHETHER THE COURT SHOULD GRANT DEFENDANT LEAVE TO AMEND ITS ANSWER WITH AFFIRMATIVE DEFENSES?**

Suggested Answer: In the affirmative.

## III. ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides, in pertinent part:

> A party may amend its pleading only with the opposing party's written consent or the Court's leave. The Court should freely give leave when justice so requires.

Rule 15(a)(2) thus requires, on its face, that leave to amend be freely given. As the United States Supreme Court has emphasized, Rule 15:

> Declares that leave to amend "shall be freely given when justice so requires." This mandate is to be heeded . . . if the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . in the absence of any apparent or declared reason . . . the leave sought should, as the Rules require, be freely given.

Foman v. Davis, 371 U.S. 178, 182 (U.S. 1962). Courts within the Third Circuit follow this standard. *See* Toll Brothers v. Township of Readington, 555 F.3d 131, 144 (3rd Cir. 2009)(holding that the District Court abused its discretion by refusing to grant leave to amend

Complaint; "Leave to amend should be 'freely given when justice so requires,' . . . we have recognized that 'a District Court must permit a curative amendment unless such an amendment would be inequitable or futile.'"); <u>Kiser v. General Electric Corp.</u>, 831 F.2d 423 (3rd Cir. 1987), <u>cert</u>. <u>denied</u>, 485 U.S. 906 (1988).

A Motion for Leave to Amend, thus, should be denied only where the opposing party can demonstrate undue prejudice. <u>Foman v. Davis</u>, supra. As the United States District Court for the Western District of Pennsylvania explained in <u>Werder v. Marriott International, Inc.</u>, 2013 U.S. Dist. LEXIS 9491 at *6-7 (W.D. Pa., January 24, 2013):

> Rule 15(a) provides that leave should be freely given "when justice so requires." Fed.R.Civ.P. 15(a). Determinations of whether to grant leave are committed to the sound discretion of the Court. <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed. 2nd 222 (1962). Grounds that justify a denial or conditional restriction include "undue delay, bad faith, dilatory motive, prejudice and futility." <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3rd Cir. 2000)(. . . denying leave based on more or more of these factors must be grounded in specific findings that justify the exercise of the Court's discretion). <u>Coventry v. United States Steel Corp.</u>, 856 F.2d 514, 518 (3rd Cir. 1989).

Here, there will be no prejudice to Plaintiffs resulting from Defendant's proposed Amended Answer with Affirmative Defenses. Plaintiffs have acknowledged as much by providing their consent to the requested amendment. There will be no prejudice to Plaintiffs in allowing Defendant to assert the affirmative defense of immunity under the Communications Decency Act, 47 U.S.C. §230, because discovery in this matter is in its infancy and because the amendment is sought well within the deadline established by the Court in the Court's Case Management Order.

## IV. CONCLUSION

For the reasons set forth above, Defendant, Amazon.com, hereby respectfully requests that the Court grant its Motion for Leave to File Amended Answer with Affirmative Defenses.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

*Timothy J. McMahon*

_____
TIMOTHY J. McMAHON, ESQUIRE
Attorney PA Identification No. 52918
100 Corporate Center Drive, Suite 201
Camp Hill, PA 17011
(717) 651-3505
tjmcmahon@mdwcg.com

Dated: November 8, 2016