# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATHER R. OBERDORF and<br>MICHAEL R. OBERDORF, her husband, | : | No. 4:16-CV-01127 |
| Plaintiffs, | : | (Judge Brann) |
| v. | : | |
| AMAZON.COM, INC., a Washington<br>Corporation, | : | |
| Defendant. | : | |

## ORDER

### JUNE 19, 2017

**BACKGROUND:**

1. On May 30, 2017, Plaintiffs Heather Oberdorf and Michael Oberdorf ("Plaintiffs") filed the instant Motion to Compel.[1] This Motion has since been fully briefed and is ripe for disposition.[2]

2. In this Motion, Plaintiffs ask the Court to compel the deposition of an Amazon.com representative capable of providing information on the "Seller Assent to Business Solutions Agreement" ("Agreement"). In support thereof, Plaintiffs aver that Defendant Amazon.com's ("Defendant") Rule

---

[1] ECF No. 21. The Court notes, for future reference, that Plaintiffs failed to follow the procedure for resolution of discovery disputes outlined in this Case Management Order of September 19, 2016 in accordance with Fed. R. Civ. P. 16(b)(3)(B)(v).

[2] ECF Nos. 22, 26, & 27.

30(b)(6) deponent, Mr. Nicholas Denissen, was unprepared to speak about this document at his May 2, 2017 deposition.[3]

3. In response, Defendant avers that Plaintiffs' May 30, 2017 Motion, while styled as a Motion to Compel, is in fact a motion to reopen a discovery period which closed on May 3, 2017.[4] Defendant further argues that the Court lacks "good cause" to reopen discovery because Plaintiffs failed to include the Agreement as a topic to be discussed in its Notice of the Deposition. As such, Mr. Denissen cannot be deemed an unprepared Rule 30(b)(6) deponent.

**LAW:**

4. "It is well established that the scope and conduct of discovery are within the sound discretion of the trial court . . . and that after final judgment of the district court . . . our review is confined to determining if that discretion has been abused." *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983) (Aldisert, J.). "To find such abuse it is usually necessary to conclude that there has been an interference with a substantial right . . . or that the discovery ruling is seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *Id.* Thus, the United States

---

[3] ECF No. 22, at 5.
[4] ECF No. 26, at 7–8.

Court of Appeals for the Third Circuit has forewarned litigants that it "will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817–18 (3d Cir. 1982) (Aldisert, J.).

5. Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This authority extends to requests to reopen discovery." *In Re Chocolate Confectionary Antitrust Litigation*, 2013 WL 3873225, *2 (M.D. Pa. July 25, 2013) (Connor, J.) (*citing Aamco Transmissions, Inc. v. Marino,* 1991 WL 40336 (E.D. Pa. Mar. 19, 1991)). This standard is significantly more stringent than the standard in Rule 15(a)(2) which provides that courts should "freely give leave [to amend] when justice so requires." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010) (*citing* Fed. R. Civ. P. 15(a)(2))). A movant's "due diligence" is essential in establishing good cause. *Race Tires*, 614 F.3d at 84; *see also Brown v. American Sintered Technologies*, 2015 WL 917293 (M.D. Pa. March 3, 2015) (Brann, J.) (the "good cause standard hinges on diligence of the movant." *Venetec Inter., Inc. v. Nexus Med., LLC,* 541 F. Supp. 2d 612, 618 (D. Del. 2008)).

6. Federal Rule of Civil Procedure 30(b)(6) provides that

> [A] party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6). A Rule 30(b)(6) corporate designee must "take a conscientious good faith endeavor to designate the persons having knowledge of the matters sought . . . and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters." *Costa v. County of Burlington*, 254 F.R.D. 187, 189(D.N.J. 2008)(quoting *Harris v. New Jersey*, 259 F.R.D. 89, 92 (D.N.J. 2007)). This duty "goes beyond matters personally known to the designee or to matters in which the designee was personally involved, and if necessary the deponent must use documents, past employees or other resources to obtain responsive information." *Harris*, 259 F.R.D. at 92–93.

**FINDINGS:**

7. Having reviewed the submissions of both parties, I find that Plaintiffs have failed to show "good cause" necessary to reopen the discovery period, and in turn modify a prior scheduling order. First, I specifically note that Plaintiffs'

Rule 30(b)(6) Notice of Deposition outlined the following topics for examination at Mr. Denissen:

a. Nature of the relationship between Defendant Amazon.com and individuals and entities who sell products through Amazon.com pursuant to an Amazon Business Solutions Agreement;

b. Supervision Amazon exercises over sellers that utilize Amazon.com to sell their merchandise;

c. Financial arrangements between Amazon and sellers that sell products through Amazon.com;

d. Extent to which Amazon investigates or otherwise vets entities and individuals they permit to sell products on their website;

e. Method by which Amazon maintains a record of complaints involving entities and individuals who sell products on their website;

f. Extent to which Amazon reviews, approves, and or otherwise regulates the type of products sold and the nature of the advertising used to sell products on its website;

g. Under what circumstances Amazon will revoke an individual or entity's ability to sell products on its website.[5]

---

[5] ECF No. 25-3.

Nowhere included in that list is any reference to the "Seller Assent to Business Solutions Agreement", or the process by which a seller assents to Business Solutions Agreement, despite Plaintiffs' admission that they had received a redacted copy of this document on December 13, 2016,[6] and an unredacted copy of this one page document on March 30, 2017.[7] Furthermore, because none of Plaintiffs' previous discovery requests had related to the Agreement, Defendant was not on notice the document would be relevant area of inquiry. Given this failure of Notice to Defendant concerning requested testimony on this document, Mr. Denissen, Vice President of Marketplace Business for Amazon, cannot be deemed a wholly unprepared Rule 30(b)(6) deponent based on simply his failure to speak concerning one document.[8] As such, Plaintiffs have failed to show "good cause" to reopen discovery on the eve of the July 3, 2017 dispositive motion deadline.

---

[6] ECF No. 21, at 4.

[7] ECF No. 27, at 2.

[8] *Costa*, 254 F.R.D. at 190 ("Simply because defendant's witness could not answer every question posed to him does not equate to the fact that defendant did not satisfy its obligation to prepare its 30(b)(6) witness.").

**AND NOW, THEREFORE, IT IS HEREBY ORDERED THAT**

Plaintiffs Heather Oberdorf and Michael Oberdorf's Motion to Compel (ECF No. 21) is **DENIED**.

The Clerk of Court is directed to docket this Order as a "written opinion," pursuant to the E-Government Act of 2002.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge